# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JULY 1997 SESSION

FILED

August 15, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | **NO. 02C01-9702-CR-00073** |
| | ) | |
| Appellee, | ) | **SHELBY COUNTY** |
| | ) | |
| VS. | ) | **HON. ARTHUR T. BENNETT, JUDGE** |
| | ) | |
| **SHANNON W. POTTER**, | ) | (Sentencing - Denial of Probation) |
| | ) | |
| Appellant. | ) | |

**FOR THE APPELLANT:**

**JAMES V. BALL**
217 Exchange Avenue
Memphis, TN 38105

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-4351

**WILLIAM L. GIBBONS**
District Attorney General

**THOMAS D. HENDERSON**
**PERRY HAYES**
Assistant District Attorney General
201 Poplar Avenue, 3rd Floor
Memphis, TN 38103

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

Defendant, Shannon W. Potter, was convicted by a Shelby County jury of two (2) counts of aggravated assault and sentenced to concurrent terms of three (3) years. The sole issue for our review is whether the trial court erred in denying probation. We affirm the denial of probation.

## TRIAL TESTIMONY

On March 4, 1994, the defendant and co-defendant were driving around and passed three (3) young males who were walking. Each young male was wearing a yarmulke. Alex Katz and Jonathan Wogan, two (2) of the young males, were in the seventh and eighth grades, respectively. The defendant and co-defendant stopped and exited their vehicle and approached the juveniles. Defendant had in his possession a wooden sword which is used in the martial arts. Defendant referred to Katz as a "f_ _ _ ing Jew boy." Without provocation, the defendant struck Katz with the sword knocking him to the ground. Defendant ordered Katz to get up and then struck him again with the sword. Defendant, again without provocation, then struck Wogan in the kidney area. Defendant and the co-defendant returned to the vehicle and fled.

Both victims were taken to the hospital. Wogan suffered a lacerated kidney and was hospitalized. Katz received treatment for his arm injury and wore his arm in a sling for a short period of time. Thereafter, Katz continued to experience severe pain and swelling and had various problems with his arm up until the time of trial.

The defendant and co-defendant were not immediately apprehended. Based upon the description of the suspects and their vehicle, they were arrested approximately one (1) week after the incident.

## SENTENCING HEARING TESTIMONY

Defendant was seventeen (17) years of age at the time of the assault and was transferred from juvenile court to criminal court for these offenses. He had run away from home on four (4) prior occasions and, on one of those occasions, had remained away for approximately one (1) year. He had been diagnosed as having Attention Deficit Hyperactivity Disorder and had received professional help on prior occasions.

Defendant testified that at the time of the assault he was very angry as a result of breaking up with his girlfriend. He testified that he did not attack the victims out of anti-Semitism.

Defendant also had a prior criminal history as a juvenile. Two (2) burglary charges were adjusted non-judicially as was a reckless endangerment adjudication.

At the conclusion of the hearing, the trial court sentenced the defendant as a standard offender to the minimum term of three (3) years on each of the offenses to run concurrently; however, the trial court denied probation.

## PROBATION ELIGIBILITY

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is

not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. § 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

## CONCLUSION

The trial court made extensive findings in denying probation. The trial court noted that the testimony from the licensed psychologist at the sentencing hearing did not provide justification for defendant's violent conduct on this occasion. The court noted defendant's prior criminal history as a juvenile and that he did not seem to have benefited from the non-restrictive measures imposed in those matters. The trial court, further noting the unjustified and violent nature of these offenses which led to substantial injuries to these two (2) young males, concluded that incarceration was necessary so as not to depreciate the seriousness of these offenses. Finally, the trial court concluded that the interests of society would be better served by the incarceration of the defendant. These findings and conclusions are adequately supported by the record. Accordingly, we find no error in the denial of probation.

The judgment of the trial court is AFFIRMED.

_____
_____JOE G. RILEY, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
DAVID H. WELLES, JUDGE

5